On Rehearing
GLADNEY, Judge.
When this case was originally before us we had under review a jury verdict in favor of Minnie Yarberry for $3,750 and a judgment in favor of the husband of Minnie Yarberry, Sidney Yarberry, in the sum of $723. The decree of this court reduced these awards to $3,000 and $423. This rehearing, although granted without restriction, was for the primary purpose of re-examining the correctness of our allowance to Sidney Yarberry for medical expenses.
It is our appreciation of the record the injury to Minnie Yarberry was confined to her right arm and shoulder and, as pointed out in the original opinion, was a pressure or pinching type of injury characterized by multiple contusions and abrasions which re *640 quired surgical procedure for the rémoval of several occasions of clots or hematomas and placing the arm in a splint.
The attending physician testified the patient suffered severe pain. Minnie Yar-berry received professional attention from Dr. Bernard M. Kalstone from October IS, 1956 until the time of trial on April 6, 1959, some two and one-half years following the accident. Difficulty in determining the medical expenses for which defendant should be held liable arises from the fact that simultaneous and continued treatment of the patient was being administered for causes unrelated to the trauma. The original opinion correctly held the bursitis suffered by Minnie Yarberry in her right shoulder had a causal relationship to the accident and the medical expenses incurred by reason thereof were properly assesssed. We are also of the opinion our original decree properly found the high blood pressure for which Dr. Kalstone had been treating the patient for some two years prior to the accidental injury was not affected by the trauma, and consequently medical expenses incurred thereby are not the liability of the defendant.
The defendant should be held responsible for medical expense in the sum $147 covering treatment by Dr. Kalstone from October 15, 1956, through November 23, 1956; and in addition thereto for 18 visits for physiotherapy at $4 per visit, or $72; and also the $10 charge for shoulder X-ray should be included, making the total medical expenses for which defendant should be held, the sum of $229. Our award made in the original decree, therefore, in favor of Sidney Yarberry in the sum of $423 is accordingly reduced to $229.
Counsel for appellant asserts with commendable vigor that the award in favor of Mrs. Yarberry for $3,000 exceeds the amount claimed by plaintiff in her petition filed approximately a year after the accident, said amount being $2,500 for pain and suffering from the date of the accident to that time. Plaintiff’s petition, however, includes a claim for future pain and suffering for an additional sum of $2,500 and other items which clearly embrace pain and suffering by reason of the injury to the date of trial, which was had on April 6, 1959. The award of $3,000, therefore, did not go beyond the pleadings.
Our original judgment had the effect of reducing the jury verdict in favor of Minnie Yarberry by the sum of $750 and in view of the testimony of plaintiff she was still suffering from pain as a result of her injury in the accident at the date of trial,' and which evidence was supported by credible lay testimony, we find our original award in favor of Minnie Yarberry was not excessive.
For the reasons hereinabove set forth, the award in favor of Sidney Yarberry in the sum of $423 is amended to read $229.
Our original decree, as thus amended, is reinstated and made the judgment of this court.